822 F.2d 60
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luis Diaz RODRIGUEZ, Defendant-Appellant.
 No. 86-1986
 United States Court of Appeals, Sixth Circuit.
 July 6, 1987.
 
 Before JONES and RYAN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The defendant appeals his conviction upon a guilty plea of possession with intent to distribute cocaine and aiding and abetting the distribution of cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. We affirm.
 
 
 2
 The defendant is a native Cuban who has been living in the United States since 1968. He has a high school diploma, and an extensive record of felonious activity. Except for the present conviction, however, his prior criminal conduct did not involve narcotics.
 
 
 3
 Initially, the defendant pled not guilty to the current charges but later withdrew that plea and pled guilty instead. The court determined that the plea was freely, voluntarily, and understandingly offered, and accepted it. Two months later, the defendant was sentenced to eight years incarceration and assessed a special fine of $50.00.
 
 
 4
 The defendant first contends that his guilty plea was accepted in violation of Fed. R. Crim. P. 11(c) which requires that the district court inform the defendant, and determine that he understands, the mandatory minimum penalty, if any, and the maximum possible penalty provided by law. The transcript of the hearing on the plea reveals that the defendant accurately understood that the maximum penalty was 20 years. However, the defendant claims not to have understood the effect of the 'special parole provision' of 21 U.S.C. Sec. 841(b)(B) on his sentence.
 
 
 5
 The transcript belies this contention. After determining that the defendant had not been advised of the applicability of the special parole, the trial judge informed him that it was three years. We find it unnecessary to decide whether this information satisfied the requirements of Rule 11(c). Because of the substantial amount of cocaine involved in this case, the special parole provision was actually inapplicable. 21 U.S.C. Sec. 841(b)(1)(A). See also United States v. Santamaria, 788 F.2d 824, 829 (1st Cir. 1986).
 
 
 6
 Next, the defendant contends that his due process rights were violated when the court imposed sentence on the basis of an incorrect assumption concerning the level of his involvement in the drug trade. We disagree.
 
 
 7
 The trial court based its conclusion that the defendant was 'deeply involved' in the drug trade on the substantial amount of cocaine in his possession at the time of his arrest: three kilos worth approximately $90,000.00. Finally, we note that the eight-year sentence is well within the twenty-year maximum authorized by law. We conclude that the district court did not abuse its broad discretion in sentencing the defendant.
 
 
 8
 AFFIRMED.